IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECT-MARKETING UND VERTRIEBS AG | : |
| Plaintiff, | : CIVIL ACTION NO. 3:10-cv-01386 (JBA) |
| v. | : |
| ERIC HERBST and FFI CORPORATE LLC, | : |
| Defendants. | : OCTOBER 13, 2010 |

## AGREEMENT AND STIPULATED CONSENT ORDER

WHEREAS, the parties in the above-captioned case, Plaintiff Direct-Marketing und Vertriebs AG ("DMV AG") and Defendants Eric Herbst and FFI Corporate LLC (collectively, "Defendants") agree and covenant to abide to the terms herein, and the Court has determined that good cause exists for entry of this stipulated order;

IT IS HEREBY ORDERED, that the following provisions of this Agreement and Stipulated Consent Order shall apply to DMV AG and the Defendants:

1. Defendants are ordered and directed, along with their agents, associates, affiliates, assigns, employees and representatives, and all those in active concert or participation with Defendants and/or their agents, associates, affiliates, assigns, employees and representatives, directly or indirectly through any corporate entity or any device, to destroy within 72 hours of the entry of this Order any and all documents and computerized materials containing confidential business information of DMV AG, including without limitation all price lists, customer information, and internal communications, (the "Confidential Information") received or removed at any time from DMV AG and are further ordered and directed not to retain any copies thereof,

and to permanently remove any and all such information (including data contained on computer software, hard drives and/or personal digital assistants) from their possession and custody.

2. Defendants are ordered and directed, along with their agents, associates, affiliates, assigns, employees and representatives, and all those in active concert or participation with Defendants and/or their agents, associates, affiliates, assigns, employees and representatives, directly or indirectly through any corporate entity or any device, to refrain from (a) disclosing in any way any of the Confidential Information to third parties, including and not limited to over electronic mail or the website www.everlocUSA.com or any other website, and (b) using in any way or furnishing to anyone any of the Confidential Information.

3. Defendants are ordered and directed, along with their agents, associates, affiliates, assigns, employees and representatives, and all those in active concert or participation with Defendants and/or their agents, associates, affiliates, assigns, employees and representatives, directly or indirectly through any corporate entity or any device, to refrain from using the name "Everloc®" or "EverlocUSA" or words, symbols or phrases that are confusingly similar in the course of advertising their business, or from utilizing the URL www.everlocUSA.com.

4. Defendants are ordered and directed, along with their agents, associates, affiliates, assigns, employees and representatives, and all those in active concert or participation with Defendants and/or their agents, associates, affiliates, assigns, employees and representatives, directly or indirectly through any corporate entity or any device, to refrain from publishing on the www.everlocUSA.com website, any other website, by email or by any other means whatsoever, statements that assert that DMV AG or its employees have engaged in or are engaging in unsavory sexual activity, including, but not limited to prostitution and marital affairs.

5. Defendants are ordered and directed to transfer the URL www.everlocUSA.com, and any other URL in their possession that contains the brand name "Everloc®" or "The New House of Brands", to DMV AG within 30 days of the entry of this Order.

6. Defendants are ordered and directed to take all reasonable steps to carry out or effect the transfer of the URL www.everlocUSA.com, and any other URL in their possession that contains the brand name "Everloc®" or "The New House of Brands", including but not limited to all steps requested by Plaintiff in order to effect said transfer. Each Party shall be responsible for their own costs in carrying out their respective obligations under this paragraph.

7. Defendants are ordered and directed to make available to DMV AG any inventory or stock of DMV AG products in their possession within 30 days of the date this Order is entered by the Court, FOB North Haven or such single other location as the Inventory may be located. Each Party shall be responsible for their own costs in carrying out their respective obligations under this paragraph, except, however, that DMV AG will be responsible for payment of the shipping costs associated with the return of products. DMV AG agrees to give the Defendants reasonable notice prior to the pickup of these goods so that the goods may be prepared for pickup.

8. Defendants agree that any violation of paragraphs 1 through 4 of this Order will cause DMV AG to suffer irreparable harm and will entitle DMV AG to the entry of a Temporary Restraining Order and Preliminary Injunction against Defendants.

9. In the event of any breach of the terms of this Order by Defendants, Defendants are directed to compensate DMV AG for any reasonable attorneys' fees and costs incurred by DMV AG in enforcing the terms of this Order.

10. Plaintiff agrees to voluntarily dismiss the above-captioned matter with prejudice pursuant to FRCP 41(a)(2) and withdraw its Motion for a Temporary Restraining Order and

3

Preliminary Injunction filed on August 31, 2010. DMV AG agrees that it will not bring any legal proceedings in Switzerland or in any country other than the United States of America against Defendants, or any of their respective officers, directors, employees, agents, successors, and assigns, or any entity in which either Defendant holds any interest, or the officers, directors, employees, agents, attorneys, successors, and assigns of any such entity, concerning the conduct alleged in the Complaint filed in *DMV AG v. Herbst*, No. 3:10-cv-01386, that took place through the date that this Agreement and Stipulated Consent Order is fully executed, or concerning any breach of this Agreement and Stipulated Consent Order.

11. Plaintiff and Defendants mutually agree that each Party to this Agreement and Stipulated Consent Order, along with their respective agents, associates, affiliates, assigns, employees and representatives, and all those in active concert or participation with any party and/or their agents, associates, affiliates, assigns, employees and representatives, directly or indirectly through any corporate entity or any device shall not, in any communications with the press or other media or any customer, client, competitor, or supplier of any Party, make any statement which disparages or is derogatory of any other Party or its affiliates or any Party's respective directors, officers, shareholders, employees, personnel and representatives.

12. Plaintiff, on behalf of itself and its respective officers, directors, employees, agents, successors, and assigns, hereby releases, acquits and forever discharges Defendants, together with any of their officers, directors, employees, agents, attorneys, successors, assigns, any entity in which either Defendant holds any interest, and the officers, directors, employees, agents, attorneys, successors, and assigns of all such entities, from any and all liabilities, actions, manners of action, causes of action, suits, debts, sums of money, accounts, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, claims, administrative claims, claims for attorneys fee or costs, and/or demands whatsoever, both known and unknown,

4

in law or equity, which have accrued or may have accrued as of the date this Agreement and Stipulated Consent Order is fully executed.

13. Defendants, on behalf of themselves and their respective officers, directors, employees, agents, successors, and assigns, representatives, predecessors and successors, hereby release, acquit and forever discharge Plaintiff, together with any of its officers, directors, employees, agents, attorneys, successors, assigns, and any entity in which Plaintiff holds any interest, from any and all liabilities, actions, manners of action, causes of action, suits, debts, sums of money, accounts, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, claims, administrative claims, claims for attorneys fee or costs, and/or demands whatsoever, both known and unknown, in law or equity, which have accrued or may have accrued as of the date this Agreement and Stipulated Consent Order is fully executed.

14. This Court shall retain jurisdiction over all disputes arising out of or relating to the interpretation of the rights and duties of the parties under this Agreement and Stipulated Consent Order and the enforcement of this Agreement and Stipulated Consent Order.

15. This Agreement and Stipulated Consent Order constitutes the entire agreement between the Parties and may not be modified except in a writing referring to this Agreement and Stipulated Consent Order and signed by the party to be bound. Plaintiff and Defendants represent and warrant that there are no agreements, covenants, promises or arrangements on the subject of the settlement of the above-captioned action other than those set forth in this Agreement and Stipulated Consent Order.

16. Should any court determine that any provision of this Agreement and Stipulated Consent Order is invalid or unenforceable for any reason, such court shall amend such provision to the minimum extent necessary to make such provision valid and enforceable, it being the intent of the parties that the provisions of this Agreement and Stipulated Consent Order be

EH

enforced to the maximum extent permitted by law. If any provision of this Agreement and Stipulated Consent Order is declared invalid or otherwise unenforceable, the other provisions herein shall remain in full force and effect and shall be construed in a fashion to effectuate the purpose and intent of this Agreement.

17. Each individual signing this Agreement and Stipulated Consent Order, whether signing individually or on behalf of any person or entity, represents and warrants that he has full authority to so execute this Agreement and Stipulated Consent Order on behalf of the party on whose behalf he so signs, and that he has obtained all consents and approvals necessary from partners, boards, stockholders, or any authority that would be required as a condition for validity of this Agreement and Stipulated Consent Order.

18. The Parties agree that this Agreement and Stipulated Consent Order shall be binding upon and inure to the benefit of the Parties hereto, and their respective successors, heirs, personal representatives and assigns.

19. The Parties agree that this Agreement and Stipulated Consent Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

EH

AGREED TO BY,

_____  
DMV AG  
By: Marc Schildknecht  
CEO/Delegate of the Board of Directors

_____  
FRANCIS H. MORRISON, ESQ. (ct04200)  
GAIL L. GOTTEHRER, ESQ. (ct19346)  
NICHOLAS A. GEIGER, ESQ. (ct28060)  
Axinn, Veltrop & Harkrider LLP  
90 State House Square  
Hartford, CT 06103  
(860) 275-8100  
(860) 275-8101 (fax)  
fhm@avhlaw.com  
glg@avhlaw.com  
nag@avhlaw.com

*Attorneys for Plaintiff DMV AG*

_____  
Eric Herbst

_____  
FFI Corporate LLC  
By: Eric Herbst, CEO

So ordered. The case is voluntarily dismissed with prejudice in accordance with these terms.

BY THE COURT,

_____  
Janet B.  
10/28/10

7

EH